IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE FULCINITI : | |
|         Plaintiff, : | |
| : | |
|         v. : | Civil No. 5:23-cv-01349-JMG |
| : | |
| STATE FARM FIRE : | |
| AND CASUALTY COMPANY : | |
|         Defendant. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                 July 26, 2023

Plaintiff Michelle Fulciniti filed a Complaint against State Farm Fire and Casualty Company ("State Farm"), asserting several claims arising out of a dispute regarding an insurance claim for physical damage to her house and loss of personal property. Before the Court is Defendant's partial motion to dismiss. For the reasons explained below, the motion will be granted in part and denied in part.

**I.     BACKGROUND**[1]

Plaintiff Ms Fulciniti resides at the home located at 416 Eagle Drive, Bushkill Township, County of Northampton, Commonwealth of Pennsylvania. Complaint, ECF No. 1.1 ("Compl.") at ¶ 1. On or about August 4, 2020, a severe rain and windstorm damaged the roof of Ms. Fulciniti's home. *Id*. at ¶ 4. Ms. Fulciniti provided notice of the damage and claim to her insurer State Farm within a day of the loss event. *Id*. at ¶ 6.  Upon receipt of the

---

[1]     This summary is premised on the factual allegations contained in the complaint.  For purposes of this motion, the allegations are presumed to be true and are construed in the light most favorable to Plaintiff.

notice of the claim, State Farm assigned a claim number. *Id.* at ¶ 7. State Farm conducted an assessment, reviewed Ms. Fulciniti's claim, and issued her a check in the amount of $28,151.51 for her personal property loss. *Id.* at ¶¶ 9–11. Defendant then continued to request additional evidence and photographs of other damage to personal property and Plaintiff's home. *Id.* at ¶ 11. In November 2020, Plaintiff submitted several estimates for repairs to Defendant. *Id.* at ¶ 12–14.

Plaintiff's copy of the insurance policy was destroyed in the storm. *Id.* at ¶ 17. Plaintiff made requests to obtain a copy from Defendant, but at the time of the filing of the Complaint the policy had not yet been provided. *Id.* at ¶ 16.

Plaintiff commenced this action on March 8, 2023, alleging breach of contract (Count One), continuing breach of contract (Count Two), bad faith pursuant to 42 Pa. C.S.A. § 8371 (Count Three), violations of the Unfair Trade Practices Act and Consumer Protection Law (UTPCPL) (Count Five), and unconscionable conduct (Count Six). Defendant removed case to this court and moves for dismissal of three claims pursuant to Federal Rules of Civil Procedure 12(b)(6).

## II.     STANDARD

A complaint may be dismissed for failing to "state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). To that end, a complaint cannot rely on mere "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545.

A three-step framework governs our review of a complaint. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, we identify "the elements [the] plaintiff must plead to state a claim." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 675). Second, we "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, we assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

At the motion to dismiss stage, we "accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

**III.    DISCUSSION**

Defendant moves to dismiss Plaintiff's claims for continuing breach of contract (Count Two), violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Count Five), and unconscionable conduct (Count Six). The Court addresses these claims in turn.

**1.    Continuing Breach of Contract**

In Count Two, Plaintiff raises a continuing breach of contract claim, alleging that non-payment of what is owed under the insurance policy is a continued and repeated breach of contract,

and injury to Plaintiff's property continues due to that breach. Compl. at ¶¶ 40–46. Defendant argues that Pennsylvania does not recognize a cause of action for continuing breach of contract. Def. Mot. to Dismiss, ECF No. 3 ("MTD") at ¶¶ 14–15. But Defendant fails to cite any case law or advance any argument to support its contention. *Id*. Pennsylvania courts have applied the continuing breach theory to property settlements, marital settlement agreements, or professional services agreements. *See, e.g.*, *GAI Consultants, Inc. v. Homestead Borough*, 120 A.3d 417, 424-25 (Pa. Cmmw. Ct. 2015) (summarizing Pennsylvania case law on the application of continuing contracts); *Thorpe v. Schoenbrun*, 195 A.2d 870, 874 (Pa. Super. 1963) (finding existence of a continuing contract where physician provided medical care to defendant over several decades); *Beltz v. Erie Indem. Co.*, 279 F. Supp. 3d 569, 580 (W.D. Pa. 2017) (holding that a Subscriber's Agreement which required parties to underwrite each other's risks against loss by fire or other hazards is a continuing contract).

Moreover, this theory has been applied in the context of insurance policies. *See, e.g., Wotring v. Planet Ins. Co.*, 11 Pa.D.&C.3d 452, 457 (C.P. Berks 1979) (holding the plaintiff's claim was not time barred because the defendant's disclaimer of liability "[gave] rise to a continuing breach of duty under the insurance policy").

Because Pennsylvania has recognized a cause of action for continuing breach of contract, Defendant's motion to dismiss Count Two of the Complaint will be denied.

**2. Violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law**

In Count Five, Plaintiff raises a violation of Pennsylvania's unfair trade practices and consumer protection law ("UTPCPL") claim. Compl. at ¶¶ 58–61. Plaintiff alleges Defendant violated two sections of the UTPCPL: (1) "by making or authorizing repairs, improvements or replacements on tangible, real, or personal property of the nature or quality inferior to or below

the standard agreed to in writing and subsumed within the policy in effect;" 73 P.S. § 201-2(4)(xvi) and (2) by creating a likelihood of confusion based on totality of Defendant's conduct and when Defendant refused to provide Plaintiff with a copy of the insurance policy. 73 P.S. § 201-2(4) (xxi); Compl. at ¶¶ 59–60. Defendant contends that (1) Plaintiff's allegation constitutes nonfeasance, which is not actionable under the UTPCPL; and (2) the law does not apply to the handling of insurance claims. MTD at ¶¶ 20–22. The Court disagrees.

"[I]n Pennsylvania, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable." *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008) (citing *Horowitz v. Fed. Kemper Life Assur. Co.*, 57 F.3d 300, 307 (3d Cir. 1995)). Allegations of mishandling of the insurance claim and refusal to pay more are not actionable because they constitute nonfeasance. *See Murphy v. State Farm Mut. Auto. Ins. Co.*, No. 16-2922, 2016 U.S. Dist. LEXIS 125841, at *16 (E.D. Pa. Sep. 15, 2016) (finding allegation of insurer's refusal to pay full amount of insured's claim as nonfeasance). However, courts have found malfeasance where the insurer acted in bad faith and intentionally denied or delayed reasonable claims made by the insured. *See, e.g.*, *Lites v. Great Am. Ins. Co.*, CIVIL ACTION NO. 00-CV-525, 2000 U.S. Dist. LEXIS 9036, at *14–18 (E.D. Pa. June 23, 2000) (denying motion to dismiss where plaintiff alleges more than mere nonfeasance but alleges that defendant acted affirmatively and in bad faith); *Carlucci v. Md. Cas. Co.*, CIVIL ACTION NO. 98-CV-3294, 1999 U.S. Dist. LEXIS 3156, at *2 (E.D. Pa. Mar. 15, 1999) (denying motion to dismiss where plaintiff alleges Defendants failed to investigate, evaluate, negotiate, and otherwise handle her claim properly); *Genter v. Allstate Prop. & Casulaty Ins. Co.*, No. 11cv0709, 2011 U.S. Dist. LEXIS 67840, at *11 (W.D. Pa. June 24, 2011) (denying motion

5

to dismiss where plaintiffs plead that insurer engaged in unreasonable delay in handling their benefits claim, failed to make reasonable settlement offer, failed to adequately investigate and negotiate in good faith).

In this case, Plaintiff alleges adequate facts to establish unfair or deceptive acts by Defendant. Plaintiff asserts that several instances of bad faith and fraudulent acts by Defendant– including the failure to provide copy of the insurance policy and asking for multiple repair estimates constitute deceptive conduct sufficient to satisfy the UTPCPL claim. Compl. at ¶ 56 (a)–(s). Plaintiff alleges Defendant made numerous requests to Plaintiff to submit the same document for the same claim. *See Fingles v. Cont'l Cas. Co.*, No. 08-05943, 2010 U.S. Dist. LEXIS 41643, at *14–15 (E.D. Pa. Apr. 28, 2010) (finding malfeasance where insurer made "dilatory requests" for documents). Defendant also advised Plaintiff that it needed to investigate further in order to adjust the claims when no further investigation was necessary. *Id.* (viewing plaintiff's allegations in totality, noting as relevant to the finding of malfeasance "the propriety of Defendant's behavior in performing its duty.") (citing *Zaloga v. Provident Life and Acc. Ins. Co. of America*, 671 F. Supp. 2d 623, 633 (M.D. Pa. 2009)).

Plaintiff alleges more than the refusal to pay or mishandling of the claim. And at this stage, Plaintiff has pled sufficient facts to show that Defendant's actions constitute malfeasance. Defendant's motion to dismiss Count Five of the Complaint will therefore be denied.

### 3. Unconscionable Conduct[2]

In Count Six, Plaintiff raises an unconscionable conduct claim. Ms. Fulciniti alleges that Defendant's actions of including a one-year limitation of action in the contract, failing to disclose the shortened statute of limitation provision, and refusing to provide a copy of the contract constituted unconscionable conduct. Compl. at ¶¶ 63–66. State Farm contends there is no recognized cause of action for unconscionable conduct under Pennsylvania law. MTD at ¶ 16. Defendant further argues that Pennsylvania does not recognize a cause of action premised on Section 208 of the Restatement (Second) of Contracts and that Section 208 is inapplicable because it concerns whether a court should enforce a contract provision. *Id.* at ¶¶ 16–17.

Pennsylvania law does not recognize unconscionability as a cause of action. *Boring v. State Farm Fire & Cas. Co.*, No. 19-1833, 2019 U.S. Dist. LEXIS 134242, at *6–7 (E.D. Pa. Aug. 9, 2019). "Unconscionability is a defense contractual remedy which serves to relieve a party from an unfair contract or from an unfair portion of the contract." *Id.* at *7; *see also Andrichyn v. TD Bank, N.A.*, 93 F. Supp. 3d 375, 388 (E.D. Pa. 2015) ("[T]he doctrine of unconscionability has historically been used not as an affirmative claim, but rather as a defense to an enforcement action."). Pennsylvania courts have recognized unconscionability to include "an absence of a meaningful choice on the part of one of the parties together with contract terms that are unreasonably favorable to the other party." *Centric Bank v. Sciore*, 263 A.3d 31, 39 (Pa. Super. 2021) (citing *Germantown Mfg. Co. v. Rawlinson*, 491 A.2d 138, 145 (Pa. Super. 1985)); *Beckman v. Vassall-Dillworth Lincoln-Mercury, Inc.*, 321 Pa. Super. 428, 437 (1983).

---

[2] Although Plaintiff labels the cause of action as "unconscionable conduct," Plaintiff admits that the count is premised on Section 208 of the Restatement (Second) of Contracts, which speaks to the unconscionability of terms within a contract. Thus, the Court construes the plaintiff's factual allegations in Count VI as an affirmative unconscionability of contract claim. *See* Compl. at ¶¶ 63–66.

The Pennsylvania Supreme Court recognizes the definition of unconscionability as stated in § 208 of the Restatement (Second) of Contracts. *See Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 119 (Pa. 2007) (noting that the doctrine of unconscionability has been applied by the appellate courts as both a statutory and common law defense and that its formulation is consonant with Restatement (Second) of Contracts § 208). Section 208 provides that:

> If a contract or term thereof is unconscionable at the time the contract is made a court may refuse to enforce the contract, or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result. Restatement (Second) of Contracts § 208 (1981).

Section 208 is about the reasonableness of the terms at contract formation. *See Black v. JP Morgan Chase & Co.*, Civil Action No. 10 - 848, 2011 U.S. Dist. LEXIS 99428, at *54 (W.D. Pa. Aug. 25, 2011).

Here, Plaintiff alleges that the "inclusion of a one year limitation of action and the conduct following that of non-disclosure to the insured Plaintiff, Michelle Fulciniti, was unconscionable." Compl. at ¶ 64. Plaintiff states that Count Six is included because Plaintiff believes that Defendant will attempt to enforce the one-year statute of limitation. But the doctrine of unconscionability is an affirmative defense and does not provide an independent cause of action. *See Andrichyn* 93 F. Supp. 3d at 388–89.

Accordingly, Defendants' motion to dismiss Count Six of the Complaint will be granted.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's motion is granted in part and denied in part. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge